UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN BURKE BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-01125 (UNA) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on petitioner's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 1, and his *pro se* petition for mandamus, ECF No. 2. Petitioner, who is incarcerated at Okaloosa Correctional Institution in Crestview, Florida, seeks a writ of mandamus compelling the United States, *vis-à-vis* the Internal Revenue Service, to provide him with overdue issue tax credits, more specifically, economic impact payments available to qualifying individuals under the Coronavirus Aid, Relief, and Economic Security Act, *see* 26 U.S.C. § 6428, and seemingly, under the Consolidated Appropriations Act, 2021, Pub. L. 116-260, 134 Stat. 1182 (2020).

The court first notes that both the petition and IFP application are captioned and appear to be intended for the United States Court of Federal Claims. Consequently, they are not properly before this court. *See* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g).

Even if petitioner's submissions were intended for this court, his claim could not survive. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406

F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.*  Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.  Petitioner acknowledges these elements in a cursory manner but fails to adequately address them, let alone meet them, thus failing to meet his burden.  Additionally, petitioner has existing and available remedies outside of mandamus to seek disbursement of tax credits.  *See* 28 U.S.C.§ 1346(a)(1)-(2) (authorizing civil actions against the United States for the recovery of wrongfully assessed or collected internal revenue taxes); 26 U.S.C. § 7422(a) (authorizing civil actions on refund or credit claims).

For the following reasons, the court must deny the IFP application captioned for the Court of Federal Claims and dismiss this matter without prejudice.  An order accompanies this memorandum opinion.

Date:   May 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge